UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **J&H Web Technologies, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Square Cat Software Limited,**<br><br>**Defendant.** | Case No. 2:23-cv-279<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

J&H Web Technologies, LLC ("Plaintiff") hereby files this Original Complaint for Patent Infringement against Square Cat Software Limited ("Square Cat" or "Defendant"), and alleges, upon information and belief, as follows:

**THE PARTIES**

1. J&H Web Technologies, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 12333 Sowden Rd, Ste B, #32776, Houston, Texas 77080.

2. Upon information and belief, Defendant Square Cat is an English limited company with a place of business at 71-75 Shelton Street, Covent Garden, London, United Kingdom, WC2H 9JQ.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established

minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

5. Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

6. Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

7. Venue is also proper in the Eastern District of Texas as to Square Cat and Bloop pursuant to at least 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as well as under the "alien venue rule." *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706 (1972); *In re HTC Corp.,* 889 F.3d 1349 (Fed. Cir. 2018); Weatherford *Tech. v. Tesco Corp.,* 2018 WL 5315206 at *2-3 (E.D. Tex. Oct. 26, 2018). As noted above, Square Cat and Bloop are foreign entities which maintain a regular and established business presence in the United States.

## PATENTS-IN-SUIT

8. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,935,342 ("the '342 Patent" and the "Patents-in-Suit") relating to methods and systems for detecting and unsubscribing an email address from a series of subscriptions.

9. By operation of law, the '342 Patent was originally issued and exclusively vested to the named inventor, Ramin Shahidi, as of the issue date of the '342 Patent. Plaintiff has sole and exclusive standing to assert the '342 Patent and to bring these causes of action.

10. The Patents-in-Suit are valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. The Patents-in-Suit includes numerous claims defining distinct inventions. As discussed below, the inventions generally relate to methods and systems for detecting and unsubscribing an email address from a series of subscriptions, particularly by examining the header contents, the sender's address, the subject, the body and comparing each message to other messages to identify patterns.

12. The priority date of each of the Patents-in-Suit is at least as early as March 9, 2012. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

13. Unsubscribing from such email subscription lists can be time consuming and complicated. Because mailers have different methods of allowing a user to unsubscribe, users are confused about the methods and have a difficult time opting out or "cleaning" out such email. For example, some mailers include a list-unsubscribe header which requires the user to respond to the mailer with certain keywords in the subject or body. Second, some mailers require the user click and "opt out", "unsubscribe", or "email preference" link at the bottom of an email. A third method requires a user to respond via a reply-to method. Therefore, the ability to manage email subscriptions lists in bulk may seem unmanageable.

14. At the time of the inventions, prior art, such as SPAM filters, assist users in automatically classifying information as it arrives, a user's prior interaction with a certain goods or service provider may render such filtering undesirable and inaccurate. For example, marking a subscription list email as spam may cause product or service purchase receipts to be labeled as

spam as well, thereby causing the user to miss important information which was filtered inadvertently. Further, mailing list may have been desirable at one previous point in time, but are now undesirable to the user.

15. The inventors of the '342 Patent conceived new methods and systems for detecting and unsubscribing one or more email addresses from a series of email subscriptions. This is achieved by examining the emails in the mailbox of the address and determining if they are from a subscription/automated mailing/list server, which is achieved by examining the header contents, the sender's address, the subject, the body and comparing each message to other messages to identify patterns. Then, the methods and systems examine each message to identify methods of unsubscribing from the subscription. Finally, the methods and systems unsubscribe from the subscriptions either automatically, or in a semi-manual method and optionally deleting all messages associated with the subscription.

16. The '342 Patent is a pioneering patent, and has been cited as relevant prior art in 151 subsequent United States Patent Applications, including Applications Assigned to such technology leaders as OneTrust, Bank of America and Allstate.

17. The claims of the '342 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

18. The expiration date of the '342 Patent is no earlier than December 21, 2032.

## SQUARE CAT'S INFRINGING PRODUCTS

19. Upon information and belief, Square Cat makes, sells, advertises, offers for sale, uses, or otherwise provides email software and systems that utilize the '342 Patent's patented detecting and unsubscribing methods.

20. On information and belief, Square Cat has manufactured and sold products that infringe the '342 Patent and which include at least, but not limited to LeaveMeAlone.

21. As shown in more detail below, LeaveMeAlone includes each and every limitation of at least, but not limited to, claims 1 of the '342 Patent and therefore literally infringe these claims. Plaintiff reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

22. Aspects of the infringing LeaveMeAlone product found are shown below. The LeaveMeAlone product shown in screenshots below includes the required identifying list-unsubscribe headers in a message header; or identifying unsubscribe methods within the message body; and wherein identifying unsubscribe methods within the message body further comprises the collection of unsubscribe hyperlinks from the message body, and identifying those hyperlinks as potential unsubscription methods, all of the same fundamental components claimed in the '342 Patent.

23. For example, the elements of identifying list-unsubscribe headers in a message header; or identifying unsubscribe methods within the message body are shown in the following images from LeaveMeAlone.





ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT 6



**COUNT I**
**Infringement of U.S. Patent No. 8,935,342B2**

24. Plaintiff incorporates the above paragraphs by reference.

25. Defendant without authority, continues to make, use, sell, offer to sell, and/or import into the United States its Accused Instrumentalities as shown above.

26. Defendant thus has infringed and continues to infringe at least claims 1 of the '342 Patent literally and/or under the doctrine of equivalents.

27. Defendant has also actively induced and will continue to actively induce the infringement of at least one of claims 1 of the '342 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others through activities such as creating and/or distributing tutorials, brochures, manuals, instructional documents, and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '342 Patent, without license or authority from Plaintiff. On information and belief, Defendant knows that the induced acts constitute infringement of the '342 Patent.

28. Defendant individually, collectively, or through others or intermediaries, have contributorily infringed, and/or is contributorily infringing, in violation of 35 U.S.C. § 271(c), at least one claim of the '342 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '342 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '342 claims.

29. Defendant has been on actual notice of the '342 Patent at least as early as the date of this Original Complaint. Defendant's direct and indirect infringement of the '342 Patent have thus been committed with knowledge of the '342 Patent, making Plaintiff liable for direct, indirect, and willful infringement.

30. Defendant's infringement of the '342 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

31. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the '342 Patent;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the '342 Patent;

3. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest;

4. An award to Plaintiff of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '342 Patent;

5. Granting a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the '342 Patent;

6. Awarding Plaintiff ongoing post-trial royalties for infringement of the non-expired '342 Patent; and

7. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Dated: June 16, 2023

Respectfully Submitted

*/s/ Randall T. Garteiser*
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
René A. Vazquez
   Virginia Bar No. 41988
   rvazquez@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**ATTORNEYS FOR PLAINTIFF**