IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| J&H WEB TECHNOLOGIES, LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00279-JRG |
| SQUARE CAT SOFTWARE LIMITED AND SQUARE CAT LIMITED, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Entry of Default Judgment and Permanent Injunction ("Motion for Default") (Dkt. No. 11) and Motion for Leave to Effect Service by Mail Through the Texas Secretary of State (the "Motion for Leave") (Dkt. No. 12) filed by Plaintiff J&H Web Technologies, LLC ("Plaintiff"). Having considered the Motion for Default, the Court finds that it should be and here is **DENIED**. Having considered the Motion for Leave, the Court finds that it should be and hereby is **DENIED**.

I.   **BACKGROUND**

   A.   **Procedural Background**

Plaintiff filed suit against Defendant Square Cat Software Limited ("S.C. Software") on June 16, 2023. (Dkt. No. 1.) Plaintiff filed an Amended Complaint against Defendant S.C. Software on June 21, 2023. (Dkt. No. 3.) On July 6, 2023, the Clerk issued a summons as to Defendant S.C. Software. (Dkt. No. 4.) On July 7, 2023, Plaintiff served the summons and a copy of the original complaint on the Texas Secretary of State as the registered agent of Defendant S.C. Software. (Dkt. No. 5.) Plaintiff filed an affidavit of service with the Court on July 7, 2023. (*Id.*)

The affidavit stated that the process server delivered the summons and *original* complaint "to: Michelle Robinson at 1019 Brazos Street, Austin, Travis County, TX 78701, as the designated agent for the Texas Secretary of State to accept delivery of process on behalf of Square Cat Software Limited." (*Id.*) Plaintiff did not file an affidavit of service that it served the Amended Complaint on the Texas Secretary of State.

On November 8, 2023, Plaintiff filed a Second Amended Complaint against Defendants S.C. Software and Square Cat Limited ("S.C. Ltd.") (collectively with S.C. Software, "Defendants"). (Dkt. No. 6.) On November 9, 2023, the Clerk issued a summons as to Defendant S.C. Ltd. (Dkt. No. 7.) On November 12, 2023, Plaintiff served the summons as to Defendant S.C. Ltd. and a copy of the Second Amended Complaint on the Texas Secretary of State as the registered agent of Defendant S.C. Ltd. (Dkt. No. 8.) Plaintiff filed an affidavit of service with the Court on February 23, 2024. (*Id.*) The affidavit stated that the process server delivered the summons and Second Amended Complaint "to: Minnie Barnhart, The Texas Secretary of State as Authorized Agent at the address of: 1019 Brazos Street, Austin, Travis County, TX 78701 on behalf of Square Cat Limited." (*Id.*) The affidavit of service is limited to Defendant S.C. Ltd. (*Id.*)

On February 23, 2024, Plaintiff requested the Clerk of Court to enter default as to Defendants. (Dkt. No. 9.) The Clerk of Court entered an administrative finding of default as to Defendants the same day. (Dkt. No. 10.) On June 19, 2024, Plaintiff filed the Motion for Default, moving for entry of default judgment and permanent injunction against Defendants. (Dkt. No. 11.)

On September 16, 2024, the Court held a telephonic status conference with counsel for Plaintiff. During that status conference, the Court informed Plaintiff that its service on Defendants via the Texas Secretary of State was improper. On December 12, 2024, Plaintiff filed the Motion for Leave, seeking leave to effect service on Defendant S.C. Ltd. by mail through the Texas

Secretary of State. (Dkt. No. 12.)

## II. LEGAL STANDARD

### A. Service of Process on Foreign Entities

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"Thus, so long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service." *Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *1 (W.D. Tex. June 24, 2020). However, even when "other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff

attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* (cleaned up). Further, to satisfy the constitutional requirement of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

### B.   Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Default under Rule 55 is a two-step process: (1) the entry of default, and (2) the subsequent entry of a default judgment. *See* Fed. R. Civ. P. 55(b). Under Federal Rule of Civil Procedure 55(c), a court has discretion to set aside an entry of default where there is "good cause." Fed. R. Civ. P. 55(c). However, even in the absence of "good cause," the district court "must set aside the clerk of court's entry of default as a matter of law" if the court lacks jurisdiction over the defendant due to improper service of process. *Titan Glob. Holdings, Inc. v. Evan*, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008); *see also Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside.").

## III.   DISCUSSION

### A.   Motion for Leave to Effect Alternative Service

Plaintiff argues that the Court should grant it leave to serve Defendant S.C. Ltd. through the Texas Secretary of State. (Dkt. No. 12 at 5.) Plaintiff asserts that this form of substitute service is proper because the United Kingdom does not object to service by mail. (*Id.*) Plaintiff's Motion for Leave is limited to Defendant S.C. Ltd. (*Id.* at 1.)

Plaintiff has not attempted to follow the service of process procedures outlined in the Hague Convention but, rather, asks this Court to permit it to bypass those procedures from the outset. This

4

Court declines that request. This Court has repeatedly emphasized that it will generally require plaintiffs to attempt service through more conventional means, such as service under the Hague Convention, before authorizing alternative service. *E.g., ElectricProtect Corp. v. Zhongshan Kaper Electrical Co., Ltd. et al.*, No. 2:24-cv-00547-JRG, Dkt. No. 11 (E.D. Tex. Jan. 3, 2025).

However, even if the Court allowed Plaintiff to bypass the Hague Convention from the outset, the Court does not find that the requested method of alternative service is appropriate. Defendant S.C. Ltd. is an entity organized under the laws of the United Kingdom. (Dkt. No. 6 ¶ 2.) The United Kingdom is a signatory to the Hague Convention.[1] "When a signatory to the Hague Convention is served through the Texas Secretary of State, the Hague Convention is implicated." *Touchpoint Projection Innovations, LLC v. CDNetworks Co.*, No. 2:23-CV-00233-JRG, 2024 WL 4028034, at *3 (E.D. Tex. Aug. 30, 2024); *see also Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*, No. 4:23-cv-00420-ALM, 2023 WL 7414144, *4-5 (E.D. Tex. Nov. 9, 2023). The United Kingdom allows service of process by mail. *Id.* Therefore, the Hague Convention does not prohibit this method of alternative service.

Since an international agreement does not prohibit service through mail, the Court, within its discretion, can authorize this method of alternative service if it satisfies the constitutional requirements of due process. Under these facts, the Court does not find that service through the Texas Secretary of State is reasonably calculated to give Defendant S.C. Ltd. notice.

The record is devoid of what happened, if anything, after Plaintiff sent the Texas Secretary of State a copy of the Summons and Second Amended Complaint. Plaintiff has not provided the Court with any documentation that the Texas Secretary of State forwarded the Summons and Second Amended Complaint to Defendant S.C. Ltd. There is no evidence that the Texas Secretary

---

[1] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/UnitedKingdom.html.

of State sent Plaintiff a return certificate concerning Defendant S.C. Ltd. *See, e.g., Freedom Pats*, 2023 WL 7414144, *4-5 (the court accepted certificates of service from the Texas Secretary of State that indicated the Texas Secretary of State sent the summons and original complaint to the nonresident defendants as evidence of service); *Touchpoint Projection*, 2024 WL 4028034, at *4 (finding that service made on the Texas Secretary of State, without more, is insufficient to establish service on a foreign corporation). The only documentation Plaintiff provides the Court is an affidavit from the process server that he served a copy of the Summons and Second Amended Complaint on the Texas Secretary of State. Therefore, the Court finds that Plaintiff has not met its burden to establish that its requested method of alternative service satisfies due process.

Accordingly, under these facts and circumstances, the Court denies Plaintiff's Motion for Leave. The Court's denial of Plaintiff's Motion for Leave is without prejudice. However, the Court will similarly deny future attempts to seek leave to effect alternative service unless Plaintiff provides evidence that it first attempted service through the Hague Convention and was either unsuccessful, encountered extreme delays, that special circumstances exist, or that the method of alternative service satisfies due process.

B.   **Motion for Default**

In the Motion for Default, Plaintiff moves for entry of default judgment and permanent injunction against Defendants. (Dkt. No. 11.) Plaintiff directs its Motion for Default at both Defendants. (*Id.* at 1.)

The court "must set aside the clerk of court's entry of default as a matter of law" if the court lacks personal jurisdiction over the defendant due to improper service of process. *Titan Glob. Holdings, Inc. v. Evan*, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008); *see also Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks

jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside.").

Here, there is no evidence that Plaintiff has properly served either Defendant. Regarding Defendant S.C. Software, there is no evidence that Plaintiff properly served any version of the complaint on it. Plaintiff attempted to serve the original complaint on Defendant S.C. Software through the Texas Secretary of State. However, as with Defendant S.C. Ltd., there is no evidence of what happened, if anything, after Plaintiff served the Texas Secretary of State with a copy of the summons and original complaint. There is no evidence Defendant S.C. Software was served with the original complaint. Further, there is no evidence that Plaintiff ever attempted to serve the First Amended or Second Amended Complaint on Defendant S.C. Software.

Regarding Defendant S.C. Ltd., despite not seeking or obtaining leave of Court to serve it through alternative means before moving for default, as discussed above, there is no evidence that Plaintiff properly served Defendant S.C. Ltd. with the Second Amended Complaint. There is no evidence of what happened, if anything, after Plaintiff served the Texas Secretary of State with a copy of the Summons and the Second Amended Complaint. This is insufficient to establish service on Defendant S.C. Ltd.

Since there is no evidence that Plaintiff properly served either Defendant, the Court lacks jurisdiction over both Defendants. Accordingly, the Court is compelled to deny Plaintiff's Motion for Default and set aside the Clerk of Court's entry of default.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the Motion for Leave (Dkt. No. 12) should be and hereby is **DENIED WITHOUT PREJUDICE**. The Court also finds that the Motion for Default (Dkt. No. 11) should be and here is **DENIED**. Accordingly, the Court **ORDERS** that the Clerk's Entry of Default (Dkt. No. 10) be **SET ASIDE**, and that Plaintiff properly and forthwith

serve Defendants under the Hague Convention. Failure to effect such proper service and otherwise prosecute this action diligently may cause the Court at a future date to require Plaintiff to show cause why this action should not be dismissed for failure to prosecute.

**So ORDERED and SIGNED this 31st day of January, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE